ELECTRONICALLY FILED - 2021 Dec 07 8:55 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0702216

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | OF THE FOURTEENTH JUDICIALCIRCUIT |
| COUNTY OF BEAUFORT | ) | CIVIL ACTION 2021-CP- |
| | ) | |
| LEONARDO BUCKNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **SUMMONS** |
| BEAUFORT JASPER HAMPTON | ) | |
| COMPREHENSIVE HEALTH SERVICES, | ) | |
| INC. and | ) | |
| JENNI SHERBAN, D.M.D, | ) | |
| | ) | |
| Defendants | ) | |

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to said Complaint on the subscriber at his office, PENDARVIS LAW OFFICES, P.C., 710 Boundary Street, Unit A-1, Beaufort, SC 29902-4188, within Thirty (30) days after the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

PENDARVIS LAW OFFICES, P.C.

s/ Thomas A. Pendarvis
Thomas A. Pendarvis (SC Bar # 064918)
Christopher W. Lempesis, Jr. (SC Bar # 077012)710
Boundary Street, Suite 1-A
Beaufort, SC 29902
843.524.9500 Tel.
Thomas@PendarvisLaw.com
Chris@PendarvisLaw.com

PALMER LAW FIRM, L.L.C.

ELECTRONICALLY FILED - 2021 Dec 07 8:55 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0702216

s/ Olivia C. Palmer, D.M.D., J.D.
SC Bar No.: 101327
Post Office Box 1121
Beuafort, South Carolina 29901
843-577-2727 (phone)
drpalmer@drpalmerlaw.com


*Counsel for Plaintiffs*


Beaufort, South Carolina
December 2, 2021

ELECTRONICALLY FILED - 2021 Dec 07 8:55 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0702216

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | OF THE FOURTEENTH JUDICIALCIRCUIT |
| COUNTY OF BEAUFORT | ) | CIVIL ACTION 2021-CP- |
| | ) | |
| LEONARDO BUCKNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| BEAUFORT JASPER HAMPTON | ) | |
| COMPREHENSIVE HEALTH SERVICES, | ) | |
| INC. and | ) | |
| JENNI SHERBAN, D.M.D, | ) | |
| | ) | |
| Defendants | ) | |

Plaintiff, Leonardo Buckner, complaining of Defendants, Beaufort Jasper Hampton Comprehensive Services, Inc., and Jenni Sherban, D.M.D., would through undersigned counsel respectfully show unto the Court as follows:

## SUMMARY OF THE CASE

Despite their trusted roles as healers and medical treatment providers, the defendants negligently ignored applicable standards of care, standard treatment protocols and guidelines, and obvious signs of infection and impending permanent destruction of Mr. Buckner's jaw, thereby causing Mr. Buckner's loss of a large amount of his jaw, his tremendous physical pain and suffering, multiple lengthy and difficult surgeries, lengthy hospital stays, and other damages;

## PARTIES

1.    Defendant Beaufort Jasper Hampton Comprehensive Health Services, Inc. (BJHCHS) is an entity incorporated, organized and existing   under the laws of the State of South Carolina, with its principal place of business located in Beaufort County, South Carolina; and all allegations

ELECTRONICALLY FILED - 2021 Dec 07 8:55 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0702216

herein against this Defendant also refer to and include actual and/or apparent agents employees and/or servants of this Defendant, either directly or vicariously, under the principles of partnership, agency, apparent authority, corporate liability, ostensible agency, and respondeat superior.

2.      Jenni Sherban, D.M.D., (Sherban) at all times herein, was a general dentist licensed and practicing in the State of South Carolina, maintaining an office for that purpose and principally practicing general dentistry and oral surgery in Beaufort County, South Carolina.

3.      All Defendants hold themselves out to the general public and to the Plaintiff on the occasions complained herein as providers of dental services in oral surgery and comprehensive dental care, and accepted Mr. Buckner as a patient and rendered oral surgical care and services to Mr. Buckner as well as  through their agents and employees. The relationship between the Defendants and the Plaintiff was one of trust and confidence.

4.      Plaintiff, Leonardo Buckner, is a citizen and resident of Jasper County, South Carolina.

## JURISDICTION

5.      This Court has jurisdiction over these matters based upon Article V of the South Carolina Constitution, S.C. CODE ANN. §§ 36-2-802 and 36-2-803 (1976), and its plenary powers.

## VENUE

6.      Venue is proper in Beaufort County, as it is, upon information and belief, the county of residence of the defendants, the principal place the defendants conduct business, and the situs of a majority of the facts alleged and complained of herein.

## PRE-SUIT PROCEDURES

7.      On August 9, 2021, a Notice of Intent to File Suit, statement of Facts (with attached expert affidavit and cv) and Plaintiff's Answers to Standard Interrogatories were filed with the Clerk of Court of Beaufort County and given Civil Action Number 2021-NI-10-700008.

4

ELECTRONICALLY FILED - 2021 Dec 07 8:55 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0702216

8.      All parties were subsequently served with the documents described in the preceding paragraph.

9.      On November 1, 2021, Karl A. Folkens conducted a pre-suit mediation in the case, but the parties were unable to reach a settlement during this pre-suit mediation process.

10.     On November 1 2021, mediator Karl A. Folkens e-filed the Proof of ADR with the Beaufort County Clerk of Court indicating that the parties had been unable to reach a settlement and that he had declared an impasse.

## JOINT AND SEVERAL LIABILITY

11.     The above-named Defendants are jointly and severally liable for all damages alleged herein since their negligent, grossly negligent, reckless and wanton acts and omissions, singularly or in combination, are the contributing proximate cause of the Plaintiffs' damages, injuries, and losses.

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

12.     Mr. Buckner presented to Defendants BJHCHS and Sherban on December 5, 2018, with pain in his lower right jaw. He rated his pain level as a 10 out of 10 and informed Defendant Sherban he had been in pain for two and a half weeks.

13.     Defendant Sherban took a periapical xray (a small intraoral xray) of tooth number 32.  This showed a large peripical radiolucency at the apex of tooth 32, indicating chronic infection, and a suspicious radiopacity of the jaw in the area anterior to tooth 32. Defendant Sherban also noted tooth 32 had plus 3 mobility. Defendant Sherban failed to take a Panoramic xray of Plaintiff, which would have given her a complete view of Plaintiff's jaws to see the extent of his infection and any other pathology. Defendant Sherban further noted in the record that Plaintiff had "white patches" on the gum intraorally.

ELECTRONICALLY FILED - 2021 Dec 07 8:55 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0702216

14.     Defendant Sherban removed tooth 32, and despite Mr. Buckner's obvious, chronic infection, Defendant Sherban failed to prescribe any antibiotics. Defendant Sherban did not refer Mr. Buckner to an oral surgeon even though she knew his clinical and radiographic presentation was suspicious, that he had a chronic infection, and that the appearance of his gum was not normal.

15.     Mr. Buckner returned to Defendants on December 12, 2018 for a follow up appointment. He reported intense pain and was holding his jaw with a towel. Defendant Sherban failed to take a panoramic xray to formulate a differential diagnosis of the cause of Mr. Buckner's pain, and instead took intraoral xrays of teeth 28 and 29. These xrays could not show the extraction site of tooth 32. Defendant Sherban failed to prescribe any antibiotics for Mr. Buckner's worsening infection, and instead refilled his prescription for Ibuprofen. Defendant Sherban failed to write an immediate referral to an oral surgeon, although Mr. Buckner's condition was clearly deteriorating.

16.     Dr. Patrick Kline evaluated Mr. Buckner on January 15, 2019. Dr. Kline took a Panoramic xray and diagnosed Mr. Buckner with significant right facial swelling, a right body fracture of the mandible likely several weeks in duration, fetid halitosis, and draining pus. He referred Mr. Buckner for surgical intervention and treatment.

17.     On January 23, 2019, Mr. Buckner was seen at the emergency room at Memorial University Medical Center in Savannah, Georgia. He was diagnosed with a lytic destructive lesion in the right mandible secondary to osteomyelitis.

18.     Mr. Buckner underwent months of evaluations in Savannah, Georgia for cardiac risk prior to surgery. Finally, on April 25, 2019, Dr. Joseph Campbell performed a free fibula flap along with skin and fat grafting to replace Mr. Buckner's broken and diseased jaw. Mr. Buckner also required a tracheostomy tube to secure his breathing.

ELECTRONICALLY FILED - 2021 Dec 07 8:55 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0702216

19.     Defendants BJHCHS and Sherban, (through its agents and/or employees) failed to provide Mr. Buckner with competent dental/oral surgical care. As a direct result of Defendants' negligence, Mr. Buckner suffered multiple and catastrophic injuries, including, but certainly not limited to, osteomyelitis of the jaw, a pathologic fracture of the jaw, resection of his jaw, a free fibula flap, tracheostomy, multiple surgical procedures, facial and neck scarring, extensive pain and suffering, and medical bills.

20.     Defendants actions and/or inactions (and that of their employees, agents, etc.) were negligent, grossly negligent, willful, wanton and reckless, and contributed directly to Mr. Buckner's injuries and damages.

## FOR A FIRST CAUSE OF ACTION
(Negligence-Dental Malpractice)

21.     The foregoing factual and jurisdictional allegations are reiterated and realleged as through set forth verbatim.

22.     Defendants, and/or their agents and/or employees, had a duty and did undertake the duty to render proper dental care to Mr. Buckner in accordance with the prevailing professional standards of care for dental providers in the national community.

23.     Notwithstanding said undertakings, and while Mr. Buckner was under Defendants' care, and/or that of their agents and/or employees, said Defendants and/or their agents departed from prevailing and acceptable professional standards of dental care and treatment of Mr. Buckner and were thereby negligent, careless, grossly negligent, reckless, and in violation of the duties owed to Mr. Buckner and are liable for one or more of the following acts of omission or commission:

    a.  Failing to properly and adequately image the Plaintiff prior to removing a third molar tooth.

ELECTRONICALLY FILED - 2021 Dec 07 8:55 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0702216

b.  Failing to properly and adequately image the Plaintiff when he returned in one week in severe pain.

c.  Failing to immediately and timely refer the Plaintiff to an oral surgeon when he returned in one week in severe pain.

d.  Failing write a referral to an oral surgeon at the one week post operative appointment.

e.  Failing to recognize the acute infection in the Plaintiff's jaw.

f.  In otherwise failing to perform dental procedures prudently and adequately to avoid damaging and causing permanent damage to Mr. Buckner.

g.  In such other as may be ascertained through discovery procedures undertaken pursuant to the South Carolina Rules of Civil Procedure.

24.    As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness and failures to provide proper dental care by Defendants as noted above, Mr. Buckner suffered from severe debilitating injuries which resulted in extensive and expensive medical procedures, hospitalization, multiple surgeries, severe pain, bone loss of his mandible, scarring and disfigurement, inability to eat and move his neck, and loss of enjoyment of life. Mr. Buckner is entitled to a sum of money to be compensated for these damages and is also entitled to recover punitive damages from Defendants. All damages should be in an amount determined by a jury at trial.

## TRIAL BY JURY

25.    Plaintiff requests and demands a jury trial on all claims and issues so triable.

## EXPERT AFFIDAVIT

ELECTRONICALLY FILED - 2021 Dec 07 8:55 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0702216

26.     Pursuant to S.C. CODE ANN. § 15-36-100(B) (2006), attached hereto and incorporated herein by reference as **Exhibit 1**, is the affidavit of Brian J. Dorman, D.M.D., M.D., an expert witness in the field of oral and maxillofacial surgery, which specifies at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants for actual damages, consequential damages, and punitive damages in an amount to be determined by the jury at trial, for costs and disbursements of this action, and for such other relief as this Court deems just and proper.

Respectfully submitted,

PENDARVIS LAW OFFICES, P.C.

s/ Thomas A. Pendarvis
Thomas A. Pendarvis (SC Bar # 064918)
Christopher W. Lempesis, Jr. (SC Bar # 077012)710
Boundary Street, Suite 1-A
Beaufort, SC 29902
843.524.9500 Tel.
Thomas@PendarvisLaw.com
Chris@PendarvisLaw.com

PALMER LAW FIRM, L.L.C.

s/ Olivia C. Palmer, D.M.D., J.D.
SC Bar No.: 101327
Post Office Box 1121
Beaufort, South Carolina 29901
843-577-2727 (phone)
drpalmer@drpalmerlaw.com

*Counsel for Plaintiffs*

ELECTRONICALLY FILED - 2021 Dec 07 8:55 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0702216

Beaufort, South Carolina
December 7, 2021

ELECTRONICALLY FILED - 2021 Dec 07 8:55 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0702216

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | OF THE FOURTEENTH JUDICIALCIRCUIT |
| COUNTY OF BEAUFORT | ) | CIVIL ACTION 2021-NI- |
| | ) | |
| LEONARDO BUCKNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **AFFIDAVIT OF** |
| | ) | **BRIAN J. DORFMAN, D.M.D, M.D.** |
| | ) | |
| BEAUFORT JASPER HAMPTON | ) | |
| COMPREHENSIVE HEALTH SERVICES, | ) | |
| INC. and | ) | |
| JENNI SHERBAN, D.M.D, | ) | |
| | ) | |
| Defendants | ) | |

Personally appeared before me, Brian J. Dorfman, D.M.D., M.D., who being duly sworn hereby deposes and says:

1.     I am an expert in the field of oral and maxillofacial surgery and I am familiar with the generally recognized and accepted practices and procedures that would be followed by average, competent dentists and other health care providers caring for a patient under the same or similar circumstances that occurred in this case.

2.     The standard of care followed by average, competent dentists includes the following:

     a.     Comprehensive initial examination of the patient to include medical history review, taking vital signs, full mouth x-rays and or panoramic x-rays, periodontal charting, intra-oral and extra-oral soft tissue examination, and documentation of clinical findings.

     b.     Informing the patient of the risks, benefits, and alternatives to any proposed procedure.

     c.     Obtaining written informed consent for a surgical procedure.

ELECTRONICALLY FILED - 2021 Dec 07 8:55 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0702216

e.    Imaging the patient utilizing Panoramic radiograph preoperatively prior to removal of third molar.

f.    Imaging the patient utilizing Panoramic or CT Scan postoperatively following a surgical procedure who returns complaining of severe pain.

f.    Recognizing via examination and imaging a fractured jaw.

g.    Recognizing a post operative infection.

h.    Referring the patient to the appropriate specialist when it is in the best interest of the patient.

3.    I have reviewed the following records in this case:

a.    Beaufort Jasper Comprehensive Health Services, 12/05/18-02/27/2019;

b.    Dr. Alfred Pesto, 01/20,2019-04/11/2019;

c.    Dr. Patrick Kline, 01/15/2019;

d.    Dr. Joseph Campbell, 02/20/2019-12/05/2019;

e.    Dr. Kurt Kang, 04/04/2019-06/27/2019;

f.    Dr. William Hartley, 04/05/2019-04/15/2019.

4.    It is my opinion to a reasonable degree of dental certainty that the person(s) and/or entities in charge of Leonardo Buckner,namely Jenni Sherban and Beaufort Jasper Comprehensive Health Services, deviated from the above recognized and generally accepted standards of care in the following ways:

a.    Failing to properly and adequately image the Plaintiff prior to removing a third molar tooth.

b.    Failing to properly and adequately image the Plaintiff when he returned in one week in severe pain.

c.    Failing to immediately and timely refer the Plaintiff to an oral surgeon when he returned in one week in severe pain.

ELECTRONICALLY FILED - 2021 Dec 07 8:55 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0702216

     d.     Failing to write a referral to an oral surgeon at the one week post operative appointment.

     e.     Failing to recognize the acute infection in the Plaintiff's jaw.

     f.     In otherwise failing to perform dental procedures prudently and adequately to avoid damaging and causing permanent damage to Leonardo Buckner.

5.     Defendants' above-listed deviations from the standard of care most probably directly and proximately caused and/or contributed to Plaintiff's injuries and damage, pathologic fracture, hospitalization, subsequent surgeries, inability to eat, permanent paresthesia and dysesthesia, pain and suffering, and other losses.

6.     Attached is a copy of my CV showing my education, training and experience in the field of dentistry and evidencing that I am competent to testify as to the matters stated above.

7.     I am board certified in oral and maxillofacial surgery as required by S.C. Code Ann. §15-36-100 (2006).

8.     If new information becomes available, my opinions are subject to change and additional opinions may be rendered.

_____
Brian J. Dorfman, D.M.D., M.D.

_____June 9_____, 2021

SWORN to before me this___.
___9ᵗ___ day of ___June___, 2021.

3



_____(L.S.)
Notary Public for Arizona
My Commission Expires _05/19/2021_

NOTARY MUST APPLY SEAL

R JEFFERS
Notary Public - Arizona
Maricopa County
Commission # 547433
My Comm. Expires May 19, 2022

ELECTRONICALLY FILED - 2021 Dec 07 8:55 AM - BEAUFORT - COMMON PLEAS - CASE#2021CP0702216

4